**NOT FOR PUBLICATION**

# FILED



JAN 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50027 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00739-MWF-3 |
| v. | |
| VLADLEN BOTVINSKY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted January 9, 2017**
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and FABER,*** Senior District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Vladlen Botvinsky appeals his conviction, following a five-day jury trial, for conspiracy to structure financial transactions in an attempt to evade reporting requirements in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5324(a)(3). Botvinsky filed a post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 and argued that the government failed to prove, beyond a reasonable doubt, each element of the crime of conspiracy. The district court denied his motion, and Botvinsky appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Botvinsky's Rule 29 motion. Viewing the evidence in the light most favorable to the prosecution, it is clear that sufficient evidence existed by which a jury could find that Botvinsky was part of a conspiracy to structure, attempt to structure, or assist in structuring a transaction "for the purpose of evading the [currency transaction] reporting requirements." 31 U.S.C. § 5324(a)(3); *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). Given Botvinsky's familiarity with the reporting requirements, the fact that he received $100 for each check that he cashed, and that he often cashed checks—for exactly $10,000—in the presence of other individuals engaged in the same conduct, it was surely rational for the jury to conclude that Botvinsky had both agreed to assist in the evasion of reporting requirements and intended to

2

evade reporting requirements. *See Nevils*, 598 F.3d at 1164; *see also, e.g.*, *United States v. Loveland*, 825 F.3d 555, 559 (9th Cir. 2016) ("Conspiracy is an agreement to commit a crime, and the intent to commit the underlying offense.").

Further, evidence showing that Botvinsky was not aware of the bank manager's involvement does not undermine the jury's conclusion. A finding of guilt under section 5324(a)(3) does not require proof that Currency Transaction Reports were not filed. Rather, section 5324(a)(3) requires "only the *purpose, i.e.*, intent, to evade the reporting requirements." *United States v. Gomez-Osorio*, 957 F.2d 636, 639 (9th Cir. 1992). Thus, it was irrelevant to the conspiracy charge whether the bank ever actually filed the reports. The jury only needed to find that Botvinsky knew the structuring was done to evade reporting requirements. Because such a finding was amply supported, the district court did not err in denying Botvinsky's Rule 29 motion.

**AFFIRMED.**